## OCHELTREE *et al* v. HILL.

**Partition:** RIGHT OF ONE CO-PLAINTIFF TO ASSIGN AND DISMISS: INTERVENTION OF ASSIGNEE: RES ADJUDICATA. One of the plaintiffs in this action for partition was the devisee of a life-estate in the land, but in the petition she claimed only a fractional share. After the petition had been filed, but before any pleading or claim of any kind had been filed presenting an issue against her, she assigned to H. her life-estate, and filed in the court a statement of that fact and a dismissal of the action as to her on that ground; but the court entered judgment confirming the shares as set out in the petition, and appointed referees to partition the land. Afterwards, on the intervention of H., asking for a dismissal of the cause, and upon the motion of himself, his assignor and all of the defendants, praying for a dismissal, the court modified the judgment so as to substitute H. in the place of his assignor in the partition. Afterwards H. filed a supplemental petition of intervention, setting up his life-estate, and asking that it be established against the premises. On this issue the court found that he had received all the equity to which he was entitled in the judgment for partition, as modified. *Held*—

(1) That, under section 2844 of the Code, H.'s assignor had a right to dismiss the action as to herself, and that thereafter she was not a party thereto, and that the judgment of partition did not bind her. If other parties desired to proceed with the cause as against her, they should have made her a party defendant. (Code, secs. 2547, 2551.)

(2) That the judgment of partition did not bind H. as assignee, because neither he nor his assignor was a party at the time it was rendered,—his intervention not having occurred till after that time.

(3) That the court erred in holding, in effect, that the issue as to H.'s life-estate was adjudicated in the judgment in partition, since neither he nor that issue was then before the court.

(4) That the cause should be remanded to retry the cause on the application for partition, regardless of the prior adjudications, giving full opportunity to amend the pleadings and make new parties.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 28, 1889.

SEPTEMBER 8, 1873, James Edminston died testate, leaving as his widow the plaintiff Margaret Ocheltree, who has since intermarried with the other plaintiff, William Ocheltree. The will of Edminston contains the following clause: "I give and bequeath to my wife, Margaret, all my estate, real and personal, that I may have in my possession at the time of my demise, during her natural lifetime." The will contains a residuary clause as to other heirs, among whom was a daughter, Rebecca Ocheltree, the then wife of plaintiff William Ocheltree. Rebecca's interest in the residuary estate was three-eighteenths. She afterwards died, and her husband, William Ocheltree, succeeded to one-third of her interest. He afterwards married the widow of Edminston, as before stated, who joined him in instituting this suit. The petition is in the usual form for partition of real estate, and contains the following clause: "That the interest of said heirs in and to the said real estate is as follows: Margaret Ocheltree, undivided one-third; Samuel Edminston, one-sixth; William Edminston, two hundred dollars and one-sixth; Christopher Edminston, one-sixth; William Ocheltree, one-eighteenth; Mary McGilvary, one seventy-second; Hannah Garey, one seventy-second; James Jones, one seventy-second; Fanny McLean, one seventy-second; Eunie Starrett, one seventy-second; Minerva Whitmer, one seventy-second; Margaret Virginia Ocheltree, one seventy-second; Wilson Gilliland, one two-hundred and sixteenth; Caroline Marshall, one one-hundred and eighth." The petition recites that there are encumbrances by way of mortgages on the premises, and costs in the estate yet unpaid. It asks for judgment confirming the shares as alleged, and for partition by a sale and distribution of the proceeds according to the respective interests. A copy of the will is attached to the petition as an exhibit. The petition was filed April 17, 1884, and, as we understand, the heirs were made defendants. August 23, 1884, Margaret Ocheltree filed in court her written dismissal of the action, assigning as reason

therefor that since the commencement of the action she had sold her interest in the real estate, and agreed with the purchaser to dismiss the petition. Notwithstanding the dismissal, on the twenty-fourth of August, 1884, judgment was ordered confirming the shares as alleged, and for partition, and referees appointed to carry into effect the judgment of the court. August 27, 1884, Margaret Ocheltree filed in court her motion to set aside the order made, because of her written dismissal on file, and because the attorneys for the defendants were not present when the order was made. September 1, 1884, William Hill, being the purchaser of the interest of Margaret Ocheltree, intervened, stating for cause that he had purchased the life-estate of Margaret Ocheltree in the premises, giving her in payment a life annuity, and asked that the cause be dismissed at plaintiff's costs. September 5, 1884, Margaret Ocheltree, William Hill (intervenor) and all the defendants filed a motion asking that the cause be dismissed. On the nineteenth day of September, 1887, the court passed the following order: "And now on the nineteenth of September, 1887, this case comes on for trial upon the issues joined herein, and the court, having heard the evidence and the arguments of counsel, and examined the papers and proceedings herein, finds that the decree heretofore entered herein should be modified so as to substitute William Hill in the place of Margaret Ocheltree, and that he should be entitled to the same share and interest in the distribution of the estate as she was found entitled to in said decree, and such as she was entitled to under the prayer of her petition, but not otherwise, and no greater interest than she would be entitled to thereunder; and the referees are ordered and directed to pay the liens as shown by the abstract, and also the lien of William Ocheltree, administrator, it being the amount shown to be due him as administrator of the estate of James Edminston, deceased; and, after the said debts are paid, the balance to be distributed to the parties in accordance with their respective interests; and that William Hill, as purchaser of any of the interests of the persons

heretofore adjudged to be heirs, shall be entitled to receive their said interest. All of which is finally ordered, adjudged and decreed." October 22, 1887, William Hill filed his supplemental petition as intervenor, stating that since the commencement of the action he had purchased the interest of the heirs to the estate, so that he owned more than one-half of the land in fee, as well as the life-estate of Margaret Ocheltree; that William Ocheltree is the only heir desiring a partition of said land; that the decree heretofore entered by mistake or inadvertence makes no provision for the life-estate he has purchased of Margaret Ocheltree, and asks that the life-estate be established against the premises. November 23, 1887, William Ocheltree filed an answer to intervenor's petition, averring in substance: (1) That by reason of the failure of Margaret Ocheltree to claim in the original petition for partition a life-estate, she is now estopped to make such claim; (2) that by virtue of the decree then entered the rights of the parties were fixed. The record discloses other petitions and records of the court, with which we do not think it advisable to encumber the opinion. A judgment was entered unfavorable to the intervenor, from which he appeals.

*Brink, Wolf & Hanley*, for appellant.

*Wheeler & Moffit*, for appellee.

GRANGER, J.—If parties shall think that this cause has been considered without a proper understanding of the facts, they must understand that is because of the confused and unsatisfactory condition of the record. With more than usual pains to understand it, we approach the consideration with many doubts. There seem to be two cases, bearing numbers as 2,443 and 2,505. While these numbers are often used in the pleadings and orders of the court and the records in the different cases as set out, the cases are nowhere identified by number in the record, and the relations of the

different proceedings are in doubt. In one of the pleadings no less than four exhibits are referred to, and papers are appended, but without designation as an exhibit, and in regard to some we may be mistaken. The final order seems to have been made on the same day in the two cases as numbered, and the appeal seems to be from both orders. As we understand the partition case,—being the one entitled first above,—it is number 2,443, and number 2,505 is a suit of Margaret Ocheltree and William Hill to enjoin the referees from making the sale of the premises under the order of the court made in number 2,443. The appeal presents a question in each of the cases for us to consider.

I. Appellant claims that the court erred in not recognizing his claim for the life-estate of Margaret Ocheltree. The ground upon which the court refused the claim in this case is that the equities of his claim had been settled in case number 2,443. To an understanding of the adjudications, and how they affect the appellant, it will be necessary to know who were parties to be affected by the issues tried at the different stages of the proceedings. In the proceeding for partition,—number 2,443,—after notice and filing of the petition, the plaintiff, Margaret Ocheltree, dismissed the proceeding by a writing to that effect filed in the cause. The order of the court, affirming the shares, and for partition, was made after this dismissal, and we think it important to enquire if the order in any manner affects her or her assignee. It seems to have been the view of the court that she could not dismiss the action, even as to herself, so as not to be bound afterwards by the proceedings. At least we infer this from the orders made after the attempted dismissal. That she could not dismiss the action as to her co-plaintiff may be conceded, but as to herself we think she may do so, and that such was the legal effect of the dismissal filed. Code, section 2844, provides that an action may be dismissed by the plaintiff before the final submission of the cause to the jury or to the court. There is no express provision for a dismissal by one of two or more plaintiffs, but there is

nothing in the letter or spirit of the law to require a co-plaintiff to remain and prosecute a cause when in his judgment neither the right nor his interest requires him to do so; and, although he may not be able to dismiss the action, he may do so as to himself. If parties to the action desire his presence in court for the further prosecution of the action, the provisions of the Code are ample to secure his presence by making him a compulsory party. Code, secs. 2547, 2551. With this holding, Margaret Ocheltree was not a party to this proceeding when the order for partition was made, and is in no manner bound thereby. From the time of filing her dismissal, she made known to the court fully that she had sold her interest in the premises, and had no rights there to be determined by the court. When she withdrew from the action, no pleading or claim of any kind had been filed presenting an issue against her, and before her rights could be affected she must in some manner have been interpleaded. If she was in no manner affected by the order of the court, her assignee would not be, merely by virtue of the assignment. If, then, Hill is affected by the judgments of the court, it must be in consequence of his intervention.

It is, however, urged that the remedy by appeal is lost, the order for partition having been made in August, 1884. We have held that at the time of such order Margaret Ocheltree was not a party, and the order could have no application to her, and at that time Hill was not a party. Hill became a party by intervention, September 1, 1884, and asked the dismissal of the cause on the ground of his having purchased the life-estate of Margaret Ocheltree. No ruling appears on this application, and on the nineteenth of September the court modified its order as shown in the above statement of the case. October 22, Hill filed his supplemental petition, which was answered by the plaintiff, William Ocheltree. This issue presents the question of the life-estate claimed by the intervenor, and on this issue the court holds that it "finds that said William Hill and others have in the disposition of number 2,443 received

all the equitable relief to which they are entitled." In number 2,443 we have held that Margaret Ocheltree dismissed the action as to herself, and as to the intervenor Hill the record nowhere shows any issue or decision on that question, unless it be the order set out in the statement of facts above. Hill's relation to the case at that time was that of an intervenor merely, asking a dismissal on the ground of having purchased the life-estate. His application was not answered, nor was any issue whatever taken as to his rights. In his application he claimed nothing adverse to either party, nor did either party seek an adjudication against him. There was no record on which a judgment could be based against him. We think the court erred in finding that the question of the life-estate of intervenor had been adjudicated. With the condition of this record we are not inclined to decide as to the validity of the life-estate. We think the case should be remanded to the district court, with instructions to retry the cause on the application for partition, unaffected by questions of prior adjudications in any of the proceedings now before us; giving full opportunity to amend the pleadings, and make new parties, to the end that the legal and equitable interests of all the parties may be fully attained, and it is so ordered.          REVERSED.